## WELBAUM v BAKER et

Ohio Appeals, 2nd Dist, Darke Co

No 461.   Decided Jan 3, 1935

Jesse K. Brumbaugh, Greenville, for Aaron Welbaum.

Billingsley & Manix, Greenville, for Receiver of The First-Farmers National Bank of Arcanum, Ohio.

Murphy & Staley, Greenville, for David Baker and Susanna Baker.

## OPINION

By KUNKLE, J.

The chief controversy relates to the priorities, if any, of the judgment lienholders.

We have considered the very exhaustive briefs filed by counsel with care and find they present a very interesting question.

We shall not attempt to discuss in detail the authorities cited by counsel but shall content ourselves with announcing the conclusion at which we have arrived after a consideration of such authorities and the pertinent sections of the General Code of Ohio.

We are of opinion that the defendant, Susanna Baker, the spouse of the defendant, David Baker, under the provisions of §10502-1 GC, had an estate for and during the life of her husband, David Baker, in one third of the real estate in question, and that such estate is of the value of $594.45, and that she is entiled to have the same paid out of said proceeds prior to the judgment creditors. We are also of opinion that under the evidence the defendant, David Baker, is entitled under §11738 GC to $500.00 in lieu of a homestead.

The defendant, David Baker, was not living upon the premises in question at the time of the sale, but was living in another property a short distance therefrom owned by a son-in-law. The record discloses that Susanna Baker, the wife of defendant, David Baker, did have the legal title to a house and lot in Pittsburgh, Darke County, Ohio, but that the same was encumbered for all or more than its value and that Susanna Baker had offered to convey the property to the mortgagee in cancellation of the mortgage claim, but at the time of the hearing in this court such offer had not as yet been accepted.

The testimony discloses that she has no equity therein and that the same was not used by herself and her husband, the defendant, David Baker, as a homestead.

We think David Baker is entitled to $500.00 in lieu of a homestead and is entitled to have the same paid out of the fund in question before the payment of the judgment liens. The law is well established in this state that exemption statutes should be liberally construed in order to effect the purpose of such statutes, and giving §11738 GC a liberal construction we think under the record the defendant, David Baker, falls within its provisions.

The next question for determination relates to the rights of the respective judgment lienholders.*

The dates upon which such judgments were secured and levies made upon said real estate have been stated. Do the judgments rendered at the same term of court have priority from the date of their rendition as against the lands of the judgment debtor situate within the county where such judgments are rendered, or do such judgments, together with foreign judgments upon which execution has been levied during the same term of court stand upon a parity.

Sec 11656 GC contains the following provisions:

"Such lands and tenements within the county where the judgment is entered shall be bound for its satisfaction from the day on which such judgment is rendered. All other lands as well as goods and chattels of the debtor shall be bound from the time they are seized in execution."

Sec 11665 GC contains the following provision:

"Preference between executions. When two or more writs of execution against the same debtor are sued out during the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor are delivered to the officer on the same day, no preference shall be given to either of such writs. If a sufficient sum of money be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands. In all other cases the writ of execution first delivered to the officer shall be first satisfied. The officer shall indorse on every writ of execution the time when he received it; but nothing herein contained shall affect any preferable lien which a judgment on which execution issued has on the lands of the debtor."

It is admitted that the judgment as well as levy of execution upon said judgment of Aaron Welbaum, the plaintiff, was rendered on February 3, 1932, and is therefore prior in point of time to the judgment lien and levy of execution of the other defendant judgment lienholders.

We are of opinion that some of the difficulties arising in this case, result from confusing the terms "judgment lien" and "execution lien."

The last paragraph of §11665 GC, above quoted, contains the following provision, "but nothing herein contained shall affect any preferable lien which a judgment on which execution issued has on the lands of the debtor."

From a consideration of the admitted facts and of the pertinent sections of our Code, we are of opinion that the judgment and execution lien of the plaintiff Welbaum is entitled to a preference over the other two judgment lienholders and should be next paid out of the funds awaiting distribution.

We are also of opinion that the defendant, O. W. Greer, by virtue of the prior levy on his judgment upon the lands in question is entitled to the residue of the proceeds.

The same order in reference to costs will be made in this court as in the lower court. The same order of distribution will also be made in this court as was made in the lower court. Decree accordingly.

HORNBECK, PJ, and BARNES, J, concur.